hBELSOME, J.,
dissents with reasons.
I respectfully dissent from the majority’s opinion in this matter. The limitations on attorney’s fees set forth in La. R.S. 23:1141(B)[1] applies anew to each separate award. In this case we have an attorney’s representation of his client in the recovery of past benefits in the amount of $5,547.36, in which attorney’s fees were withheld in accordance with La. R.S. 23:1141(B). The attorney’s future representation of the employee was for the settlement of his injury claim, which settlement occurred some four years later. The later settlement was clearly an award that was subject to La. R.S. 23:1141(B), but independent of the previous award.
To interpret La. R.S. 23:1141(B) in a more restrictive manner will undoubtedly have a negative affect on injured employees seeking representation. The legislature recognized this issue when it amended section (B) of La. R.S. 23:1141, which now states, “[t]he fees of an attorney who renders service for an employee coming under this Chapter shall not exceed twenty percent of the amount recovered.”[2]
| gFor the reasons stated I would reverse the workers’ compensation judge’s decision and award the appellant the appropriate earned attorney’s fee of $6,000.00.

. At the time of the judgment rendered in this case, La. R.S. 23:1141(B) read:
In no case shall the fees of an attorney who renders service for an employee coming under this Chapter exceed twenty percent of the first twenty thousand dollars and ten percent of the part of any award in excess of twenty thousand dollars, (emphasis added)

. Amended and reenacted by Acts 2004, No. 647, 1, eff. July 5, 2004.